UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

DANIEL CARR, et al.           :
                              :
v.                            :       C.A. No. 23-00369-WES
                              :
BARTON GILMAN, LLP, et al.    :

**REPORT AND RECOMMENDATION
PURSUANT TO 28 U.S.C. § 1915(e)**

Lincoln D. Almond, United States Magistrate Judge

Before the Court is pro se Plaintiff Daniel Carr's Motion to Proceed In Forma Pauperis ("IFP"). (ECF No. 2). Upon review, the Court has determined that he is presently unable to pay fees and costs in this matter and thus, his Motion to Proceed IFP (ECF No. 2) is GRANTED.

Having granted IFP status, this Court is required by statute to further review Plaintiff's Complaint sua sponte (on the Court's own motion) under 28 U.S.C. §1915(e)(2)(B). The Court must dismiss this suit if it is "frivolous or malicious," "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." For the reasons discussed below, without passing on the merits of the claims presented, Plaintiff's ultimate chance of prevailing or the merits of any defenses or immunities, the Court has determined that Plaintiff's individual claims against Defendants may proceed.

However, Plaintiff also purports to bring this lawsuit on behalf of his minor son and his business, "Core Healing Therapy." Pursuant to Local Rule Gen. 205(a), Plaintiff is ineligible, as a pro se litigant, to represent his minor son and his sole proprietorship. See LR Gen 205(a)(2), (a)(3). ("[a]n individual appearing pro se may not represent any other party…A corporation, partnership, association or other entity may not appear pro se..."). Plaintiff has also not shown,

pursuant to Rule 17(c), Fed. R. Civ. P., that he has the legal authority to sue on behalf of his minor son.

Thus, Plaintiff's minor son and Core Healing Therapy are not presently proper parties to this case. Giving due deference to Plaintiff's pro se status, the Court will GRANT Plaintiff thirty days from the date of this Report and Recommendation for counsel to appear in this case on behalf of his son and/or business, and to show that he has the legal authority to sue on his minor son's behalf. If counsel does not enter an appearance within thirty days, the Court recommends that the claims purportedly asserted by Plaintiff's son and Core Healing Therapy be DISMISSED WITHOUT PREJUDICE for the reasons discussed above and pursuant to 28 U.S.C. § 1915(e)(2)(B).

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
September 12, 2023